Pallie Nix filed a complaint for workmen's compensation benefits in the Circuit Court of Jackson County against Goodyear Tire and Rubber Company, alleging that she sustained permanent total disability from a work-related injury. Following oral proceedings, the trial court found that Nix had been only temporarily disabled by her work-related injury. Nix appeals.
Nix began working for Goodyear in 1979. In 1990 she was employed at the re-rolling inspection table. She had been so employed for the preceding four to five years. On January 2, 1990, Nix was injured when the *Page 642 
rollers fell and hit her on the head. She was taken to the emergency room, but did not stay overnight. She returned to work on January 10, 1990. She was off work from January 23 through January 25, 1990, February 16 through March 6, 1990, and March 18 through April 4, 1990.
Dr. Louis Letson saw Nix initially on January 2, 1990. He saw her intermittently until April 14, 1990. He described Nix's injury in the following manner: "she had a contusion over the left side of her left forehead and the left side of her face and an abrasion on the scalp where one of the rollers caught her and a tender area over the right post auricular area where the other roller caught her." Dr. Letson testified in deposition that Nix suffered from headaches, depression, and anxiety. He prescribed medication for the anxiety and depression. By April 14, 1990, Dr. Letson was of the opinion that Nix had fully recovered from her January injury.
On August 7, 1990, Nix reported to work and was informed that a co-employee had been killed on the same machine on which she had been injured. She left Goodyear at that time and has not returned.
Nix became emotionally disturbed following her co-employee's death. She was seen by several doctors and received several diagnoses. Dr. Boll, a psychologist, opined that she was suffering from "post-traumatic anxiety." Dr. Patterson, a psychiatrist, diagnosed her condition as "panic disorder with agoraphobia." Dr. McDowell, a psychiatrist, determined that she was suffering from "severe depression." Dr. Traynor, her treating psychiatrist, diagnosed her condition as an "organic mood disorder."
The evidence was undisputed that at the time of trial Nix was totally unable to return to her job at Goodyear and was totally unable to sustain gainful employment. The disability was due to Nix's mental condition. The evidence was in dispute concerning the permanency of her mental condition and whether she had reached maximum medical improvement. A resolution of that dispute, however, is not germane to the disposition of this appeal.
The dispositive issue here is one of causation. InMagouirk v. United Parcel Service, 496 So.2d 55
(Ala.Civ.App. 1986), this court, acknowledging that Alabama followed the minority view, held that the Workmen's Compensation Act did not extend coverage to "mental disorders or injuries that have neither produced nor been proximately caused by some physical injury to the body." Our holding was premised on statutory construction. We invited the legislature to review our interpretation and broaden the act if it desired to adopt the view of the majority of states. Although the new Alabama Workers' Compensation Act is not applicable to this case, we find it noteworthy that the legislature explicitly determined not to broaden coverage by inserting the following language into the new act: "Injury does not include a mental disorder or mental injury that has neither been produced nor been proximately caused by some physical injury to the body." §25-5-1(9), Code 1975 (1992 Repl.Vol.). It appears that this state will continue to follow the minority view. For a thorough discussion on this topic see 1B A. Larson, The Law of Workmen'sCompensation § 42.23 (1986).
The trial court determined that the proximate cause of Nix's mental condition and ensuing disability was the death of her co-worker in August 1990, and not the physical injury sustained in January 1990. The trial court found that Nix had been temporarily disabled by the January 1990 injury and awarded compensation accordingly.
Nix asserts that the court erred in refusing to find that she was totally and permanently disabled. She insists that the proximate cause of her mental condition, and the ensuing disability, was the January 1990 accident.
In resolving the causation issue the trial court made the following findings:
 "The issue is complicated factually for several reasons. One is that the plaintiff was gainfully employed for a substantial period of time with the defendant in the seven months intervening between her physical injury and the death of her friend and co-worker. There are also suggestions by medical experts that secondary gain motives are involved. There are several *Page 643 
references in the outpatient records from social worker Pelzel of the Marshall-Jackson Mental Health Center that the plaintiff was 'angry' at the company for its failure to rectify an unsafe machine upon which there had been five accidents, 'very angry' that when her friend and colleague was killed the defendant did not call her immediately and tell her not to come to the plant, and angry over her new supervisor telling her that he no longer wanted her to talk about the accident.
 "In the words of one vocational expert, the major post-accident difference is her inability to 'cope.' It is clear from the evidence that plaintiff became totally disabled from the mental disorder upon hearing of her friend and co-worker's death on August 7, 1990. Prior to that time, she was able to work and function in the same work environment where she had been for years with the defendant. If her mental condition is the proximate result only of her reaction to her friend and co-worker's death, her present disability would clearly not be compensable. However, as Dr. William Patterson phrased it, the causal question is complicated by the fact that the plaintiff had previously been injured on the same machine as her friend and in the same manner. Though the panic attacks started when the plaintiff heard of the death of her friend and co-worker, Dr. Patterson indicates that the physical injury 'contributed' to her mental disorder, but that the mental disorder was 'temporally related' to the death of her co-worker rather than the plaintiff's own injury. In his words:
 " '. . . it seems to be the combination because if she had never worked on that machine, I don't know if she would have developed the panic or not . . .'
 "Dr. Traynor connects her mental condition with the initial injury to the plaintiff and the fact that the later death of the plaintiff's friend and co-worker 'brought it all back.'
 "This court finds, from all the evidence, that, but for the plaintiff's friend and co-worker's death, the plaintiff would not have sustained her present mental disabling mental condition. This court further finds, however, that, had the plaintiff not sustained physical injury on the same machine in the same manner, earlier, she also would not have suffered her present disabling mental condition. Therefore, as best as this court can determine, both events contributed to her present mental condition. The court finds, however, that the 'precipitating cause' and the proximate cause of her present mental condition and disability was the death of her close friend and co-worker on August 7, 1990, and that, while the physical injury to the plaintiff sustained some seven months earlier in January of 1990 was a contributing factor, it was not the proximate cause of her present mental condition and disability."
In a workmen's compensation case, this court's review is limited to a determination of whether there is any legal evidence to support the trial court's findings. If a reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte Eastwood Foods,Inc., 575 So.2d 91 (Ala. 1991).
We consider that the findings of fact of the trial court, and our limitation of review of such findings, brings this case under the authority expressed in Magouirk. We can understand that the injury suffered by Nix may have affected her state of mind so that the news of the death of her co-worker precipitated a psychosis or neurosis. However, we cannot gainsay the findings of fact of the trial court that the "precipitating" and "proximate cause" of Nix's disability was the shock of her co-worker's death. The physical injury to Nix, occurring several months prior to the death of her fellow employee, and from which she had recovered and returned to work, could at best be termed a remote cause of her subsequent mental disability. To paraphrase, the law, in its practical administration, regards only proximate or immediate, and not remote, causes. City of Mobile v. Havard, 289 Ala. 532,268 So.2d 805 (1972); Garrett v. L. N.R.R., 196 Ala. 52,71 So. 685 (1916). *Page 644 
From our review of the record, we find that there is evidence to support the trial court's findings and that its judgment is not unreasonable in view of the evidence. Eastwood Foods.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.