This is a workers' compensation case.
In August 1993 Molly Goolsby (employee) filed a complaint against Family Dollar Stores of Alabama, Inc., an Alabama corporation, d/b/a Family Dollar Stores (employer). The employee sought workers' compensation benefits for an injury which she alleged that she sustained on January 12, 1993, while in the course of her employment with the employer. The complaint alleged the following, in pertinent part:
 "The [employee] was threatened with death and marched to the office with a gun stuck in her back. After [the robbers took the employee's] purse and car keys, and money belonging to [the employer], [the employee] was confined in the back of a delivery truck. In attempting to escape the truck, [the employee] jumped from the truck and injured her back. The trauma of the robbery, the death threat, and physical confinement in the truck caused the [employee] severe and lasting mental and emotional trauma and upset."
We would note that the employee amended her complaint to add a tort claim against the employer, alleging failure to provide adequate security. However, the tort claim is not before this court because it was severed from the workers' compensation claim and remains pending in the trial court.
After a hearing the trial court issued an order, finding that the employee was not entitled to any workers' compensation benefits. The employee filed a motion to alter, amend, or vacate the judgment. Thereafter, the trial court issued an amended order, which also denied workers' compensation benefits to the employee. The amended order denying workers' compensation benefits was certified as a final judgment for purposes of appeal, pursuant to Rule 54(b), Ala. R. Civ. P. We should not be understood as necessarily agreeing that a certification via Rule 54(b), Ala. R. Civ. P., was necessary in the instant appeal.
The employee appeals.
Our review of the record reveals the following pertinent facts: The employee was a store manager for the employer. While in the course of her employment, the employee was the victim of a robbery on January 12, 1993. As a result of this robbery, the employee has been diagnosed as suffering from post-traumatic stress disorder. She was unable to work from July 7, 1993, until January 24, 1994.
The employer maintains that the employee is not entitled to workers' compensation benefits and has refused to pay to the employee any temporary or permanent disability benefits. The employer has also refused to pay, or to reimburse, the employee for any medical expenses for the treatment of the employee's post-traumatic stress disorder. We would note that the majority of the employee's medical expenses have been paid by her group health carrier and that she has received disability benefits through a disability policy, which she carried through the employer. *Page 106 
The basis for the employer's refusal to pay workers' compensation benefits to the employee is Ala. Code 1975, §25-5-1(9), which defines "injury" for purposes of workers' compensation. Section 25-5-1(9) provides the following, in pertinent part:
 "Injury does not include a mental disorder or mental injury that has neither been produced nor has been proximately caused by some physical injury to the body."
As previously noted, the employee alleged in her complaint that she injured her back while escaping from the delivery truck. At trial the employee testified that once in April 1993, she sought medical treatment for her back and leg pain from a Dr. Dempsey, but that she did not tell the doctor that she hurt her back during the robbery because she was tired of talking about the robbery. There was no testimony from Dr. Dempsey at the trial.
At trial the employee admitted that she feels that her post-traumatic stress disorder was caused by the robbery and not by her back and leg pain. Additionally, the employee agreed that she would have experienced the same emotional and mental problems from the robbery, even if she had not experienced the back and leg pain.
The deposition of Dr. Donald Sanders, an internist, was admitted into evidence. On January 13, 1993, the day following the robbery, the employee consulted Dr. Sanders about her stress and anxiety. When Dr. Sanders saw the employee again on June 23, 1993, "she was still stressed about the robbery." He referred the employee to a psychologist, James Chudy, Ph.D. Dr. Sanders testified that neither he nor anyone in his group treated the employee for a back injury. Dr. Sanders also testified that, in his opinion, the mental stress he observed in the employee was precipitated by the robbery, not by any physical injury.
The deposition of Dr. Chudy, the employee's treating psychologist, was also admitted into evidence. Dr. Chudy testified that he diagnosed the employee as suffering from post-traumatic stress disorder. Dr. Chudy also testified that, in his opinion, there was no relationship between the post-traumatic stress disorder and the employee's back injury and that the precipitating cause of the post-traumatic stress disorder was the robbery. Dr. Chudy also opined that the employee would have suffered from the post-traumatic stress disorder even if she had not hurt her back, as alleged.
In light of the above, we find that there was evidence to support the trial court's denial of workers' compensation benefits in the present case. Stated differently, in order for an employee in Alabama to recover for psychological problems, there must be a physical injury to the body. Nix v. GoodyearTire Rubber Co., 624 So.2d 641 (Ala.Civ.App. 1993). Here, there was no proof, medical or otherwise, that the employee's emotional and mental problems were the result of a physical injury to her body.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala. Code 1975, § 12-18-10(e).
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.
MONROE, J., dissents.