Michael Hargrove sued his employer, M D Mechanical Contractors, Inc., and its workers' compensation carrier, Liberty Mutual Insurance Company, seeking to recover workers' compensation benefits for an injury he had sustained to his left eye in an accident that occurred during the course of his employment.[1] According to Hargrove, the injury to his left eye caused him emotional distress and caused him to suffer loss of vision in both eyes.[2] Liberty Mutual filed a motion to dismiss, which the trial court granted. The trial court held that Hargrove's "assertion that his blindness was caused by the incident at work [was] not founded on substantial evidence." The Court of Civil Appeals, in a 3-2 opinion, reversed and remanded with instructions, holding that Hargrove had presented substantial evidence "establishing a causal link between the . . . on-the-job injury and his subsequent vision loss."Hargrove v. M D Mechanical Contractors, Inc., 725 So.2d 287
(Ala.Civ.App. 1997). M D petitioned for certiorari review, which we granted in order to determine whether the Court of Civil Appeals impermissibly reweighed the evidence in reaching its decision.
It appears that the Court of Civil Appeals examined the evidence to determine whether there was substantial evidence to support Hargrove's contentions and viewed that evidence in the light most favorable to Hargrove. The correct standard of appellate review, "in reviewing pure findings of fact" in a workers' compensation case, is to examine the evidence to determine if the trial court's findings of fact are supported by substantial evidence.[3] Ala. Code 1976, § 25-5-581(e)(2); see Ex parte Northam, 689 So.2d 854 (Ala. 1996).
Section 25-5-1(9), Ala. Code 1975, defines "injury," for purposes of the Workers' Compensation Act. It provides that "[i]njury does not include a mental disorder or mental injury that has neither been produced nor been proximately caused by some physical injury to the body." (Emphasis added.)[4] See Exparte Bryant, 644 So.2d 961 (Ala. 1994); see also, e.g., Nix v.Goodyear Tire Rubber Co., 624 So.2d 641 (Ala.Civ.App. 1993) noting that although that case was governed by the pre-May 19, 1992, version of the Workers' Compensation Act, the Legislature, in adopting the May 19, 1992, revisions (see Act No. 92-537, Ala. Acts 1992), explicitly determined not to broaden coverage for mental disorders or mental injuries, and that this determination was indicated by the Legislature's inserting into § 25-5-1(9) language stating that "[i]njury does not include a mental disorder or mental injury that has neither been produced nor been proximately caused by some physical injury to the body"; and seeGoolsby v. Family Dollar Stores of Alabama, Inc., 689 So.2d 104
(Ala.Civ.App. 1996).
In this case, there was live testimony from Dr. Michael Maund[5] and extensive deposition testimony from other physicians, *Page 294 
namely, Dr. Charles Ford[6] and Dr. Charles Shafer.[7] Some of this medical testimony was conflicting. Dr. Maund stated that he could not say with certainty that the physical injury Hargrove had suffered could be a part of what caused Hargrove's simulated blindness, and he testified that he would defer to a psychologist or a psychiatrist for the cause of Hargrove's psychological condition. Dr. Shafer initially diagnosed Hargrove's condition as "Munchausen's syndrome,"[8] but later changed his diagnosis to "hysterical blindness," and he further testified that there was a cause and effect relationship between Hargrove's accident and his hysterical blindness. Dr. Ford testified that Hargrove suffered from "simulated blindness"; he said this meant Hargrove was "simulating the process of being blind when he was not actually blind." According to Dr. Ford, Hargrove's work injury neither caused nor contributed to cause his simulated blindness:
 "Q. Do you have an opinion as to whether the injury described by [Hargrove] could have caused a conversion disorder, whatever degree of conversion disorder there is?
"A. Yes, I have an opinion.
"Q. What is that opinion?
 "A. The opinion is that the injury is unrelated to his blindness.
 "Q. Would a conversion disorder go along with some type of posttraumatic stress disorder?
"A. No, it does not.
 "Q. But in this particular case if it was to have originated from the injury, you would have qualified it as a posttraumatic stress disorder?
 "A. Yes, this is what I said in the report, that if this were to be regarded as due to the trauma of the psychological trauma that he experienced at that time, we would expect then to find other symptoms of posttraumatic stress disorder in his history and these symptoms were not provided.
". . . .
 "Q. Do you have an opinion as to whether or not the injury described by [Hargrove] caused him to have a conversion disorder, if he does have a conversion disorder?
 "A. In my opinion if he has a conversion disorder, it was not triggered by the work incident."
Suffice it to say, without an in-depth recitation of the facts, which are adequately set out in the Court of Civil Appeals' opinion, that after thoroughly reviewing the record we find substantial evidence to support the trial court's finding that the on-the-job injury did not proximately cause Hargrove's blindness.
The judgment of the Court of Civil Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, COOK, SEE, and LYONS, JJ., concur.
ALMON, J., concurs in the result.
SHORES, J., dissents. *Page 295 
[1] There is no dispute that the accident occurred while Hargrove was working within the line and scope of his employment. He was spreading dirt and gravel in a ditch when some of the dirt and gravel spilled out of a backhoe and flew into his left eye and all over his legs.
[2] Hargrove had a history of problems with his right eye and had had no sight in that eye since childhood.
[3] "Substantial evidence" is "evidence of such weight and quality that fail-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." Ex parte Trinity Industries, Inc., 680 So.2d 262, 268
(Ala. 1996), quoting West v. Founders Life Assurance Co. ofFlordia, 547 So.2d 870, 871 (Ala. 1989).
[4] We note that in Ex parte Trinity Industries, Inc.680 So.2d 262 (Ala. 1996), the Court held that, to establish medical causation for a physical injury which is necessary for an injury to be compensable, an employee must produce substantial evidence indicating that the exposure to the risk or conditions was a contributing cause of the injury. However, for a "mental injury" to be compensable, § 25-5-1(9) specifically requires that "physical injury" must have "produced" or "proximately caused" the mental injury.
[5] Dr. Michael Maund is an optometrist.
[6] Dr. Charles Ford is a neuropsychiatrist with 30 years' experience in diagnosing and treating "conversion disorders." According to Dr. Ford, a "conversion disorder" is a symptom in which a patient has some impairment of a sensory organ or involuntary motor function for which there is no discernible physical cause, but which is presumed to be due to some type of psychological cause; it does not have to be triggered by physical trauma, he said. Malingering and conversion, says Dr. Ford, are on a continuum and are related to one another. Dr. Ford's testimony was based on an examination that consisted of reviewing the results of a battery of psychological tests administered to Hargrove and on a clinical interview with Hargrove.
[7] Dr. Charles Shafer is a psychiatrist.
[8] Dr. Shafer described Munchausen's syndrome as "a factitious illness or syndrome where people malinger or produce physical illnesses or physical symptoms for a psychological gain."