Jimmy Vongsouvanh filed a workers' compensation complaint against his employer, Steel Processors, Inc., seeking permanent-total-disability ("PTD") benefits for mental disorders he claimed to have suffered following a work-related injury. Steel Processors, Inc., does not question whether the accident itself was work-related. Nor does it dispute whether the physical injuries Vongsouvanh suffered were work-related. Instead, it challenges the compensability of his mental disorders, which developed after the accident. *Page 626 
Although the trial court found in favor of Vongsouvanh and awarded him permanent-partial-disability benefits, it refused to give him PTD benefits because it concluded that his physical injuries were not the proximate cause of his mental disorders. The Court of Civil Appeals, on April 7, 2000, affirmed, without an opinion. Vongsouvanh v. Steel Processors,Inc., (No. 2990004) 795 So.2d 848 (Ala.Civ.App. 2000) (table). We granted Vongsouvanh's petition for certiorari review. We reverse and remand.
Vongsouvanh was a welder employed by Steel Processors, Inc., when he sustained several injuries in an automobile accident. While traveling on a Virginia highway to a work site in New Jersey, he lost control of the van he was driving and hit a tree. He, along with coworker and passenger Eric Dickson, were pinned in the vehicle for three to four hours. As a result of the accident, Dickson died one week later.
The accident caused Vongsouvanh both physical and mental injuries, which impair his ability to perform his job as a welder. Physicians in a Virginia hospital treated him for a fractured right ankle and a damaged right hand. In order to stabilize the fracture, the doctors inserted a plate and two pins in his ankle joint. When he returned to Mobile, an orthopedic surgeon removed the metal objects in his ankle and later performed carpal-tunnel-release surgery to relieve pain in his right hand. Despite these surgeries, Vongsouvanh complained at trial of pain in both his ankle and his hand.
Vongsouvanh also suffers from several mental disorders that developed after the accident. His psychiatrist diagnosed him with four mental disorders: (1) depression, (2) chronic-pain syndrome, (3) "status-post-motor-vehicle-accident" with traumatic injuries, and (4) reflex sympathetic dystrophy secondary to the accident. According to his psychiatrist, Vongsouvanh is totally and permanently disabled as a result of the injuries he incurred as a result of the accident.
Upon the advice of his doctors and a vocational expert, Vongsouvanh returned to work several months after the incident. Steel Processors accommodated his limitations and provided him with a smaller welding iron and a chair at his work station so that he could sit while he welded. Even so, he was unable to perform adequately his duties as a welder and, for that reason, he left the employer's facility and has not returned to work.
The trial court stated that Vongsouvanh was not entitled to PTD benefits because, the court said, his physical injuries were not "the" proximate cause of his mental disorders. (Emphasis added.) Instead, the court concluded that the proximate cause of his mental disorders "was and is the death of [his] co-employee and the guilt and remorse [he] feels as a result of being responsible for that death." The court gave Vongsouvanh an impairment rating of 75% to the whole body and awarded him 300 weeks of permanent-partial-disability-benefit payments less any temporary-total-disability benefits he had previously received.
The sole issue here is whether the trial court erred when it denied Vongsouvanh's claim for PTD benefits on the basis that his physical injuries were not "the" proximate cause of his mental disorders.
The general rule of appellate review is that when a trial court, in a nonjury case, is presented evidence ore tenus, its findings based on that evidence are presumed correct, unless the court has committed plain and palpable error. Ex parte Powell, 763 So.2d 230, 232 (Ala. 1999). We conclude that the trial court erred when it held that Vongsouvanh had not proved that his physical injuries were a proximate cause of his mental disorders. *Page 627 
Vongsouvanh correctly relies on our decision in Ex parte Valdez,636 So.2d 401 (Ala. 1994), and argues that the trial court applied the wrong standard. In Valdez, the widow and children of an employee who died of lung cancer sued for workers' compensation, alleging that the employee's exposure to an occupational hazard (coal-tar epoxy) had caused his cancer and his eventual death. 636 So.2d at 402. The record indicated the employee had had other nonoccupational hazards, including tobacco use and a genetic predisposition. Id. at 403. No medical expert could conclusively say whether exposure to coal-tar epoxy, or any other particular factor, had caused the employee's cancer. Id. at 403.
The trial court in Valdez held that because the plaintiffs had failed to prove that the claimed occupational hazard directly or proximately caused the employee's illness and death, they could not collect benefits. 636 So.2d at 403. The Court of Civil Appeals affirmed, applying the same standard. Ex parte Valdez, 636 So.2d 398, 401
(Ala.Civ.App. 1993). We reversed the judgment and remanded the case, holding that both the trial court and the Court of Civil Appeals had used the wrong analysis. Recognizing that multiple factors may have caused the employee's cancer, we held that the correct standard was whether exposure to the occupational hazard was a contributing cause of the employee's illness and resultant death. 636 So.2d at 403.
In this case, as in Valdez, multiple factors caused the problem at issue. The evidence in the record indicates that pain caused by Vongsouvanh's physical injuries, as well as mental anguish caused by the death of his coworker, played significant roles in the development of his mental disorders. Vongsouvanh testified at trial that he suffers constantly from the physical pain in his hand and ankle. He also admitted that he is continually haunted by a belief that he is responsible for Dickson's death. No evidence in the record suggests that Vongsouvanh is malingering or is in any manner being disingenuous about his condition.
Dr. Arthur Dumont, Vongsouvanh's psychiatrist, confirmed that many factors had contributed to Vongsouvanh's mental disorders. Dr. Dumont, through deposition testimony, opined that Vongsouvanh is totally and permanently disabled and that his disability is causally related to his physical injuries. Dr. Dumont explained that intense guilt and remorse over the death of his friend also caused his mental disorders. In fact, Dr. Dumont asserted in his deposition that Vongsouvanh could remain totally disabled "even if the pain were completely removed right now because of the traumatic psychological nature of the accident, the relationship with the friend and the friend's death."
Based on this evidence, we find it clear that Vongsouvanh's mental disorders originated from both physical and emotional factors. Thus, the trial court should have applied the "contributing-cause" standard set forth in Valdez. If the court had used this standard, the evidence in the record would have been sufficient for the court to conclude that Vongsouvanh's physical injuries were a contributing cause of his mental disorders.
Steel Processors argues that Vongsouvanh's claim is statutorily barred. The Legislature has limited workers' compensation for mental injuries. Section 25-5-1(9), Ala. Code 1975, defines "injury" for the purposes of the workers' compensation law; it reads, in relevant part:
 "Injury does not include a mental disorder or mental injury that has neither been produced nor been proximately caused by some physical injury to the body." *Page 628 
Under Alabama law, for an employee to recover for psychological disorders, the employee must have suffered a physical injury to the body and that physical injury must be a proximate cause of the psychological disorders. See, e.g., Goolsby v. Family Dollar Stores of Alabama, Inc.,689 So.2d 104, 106 (Ala.Civ.App. 1996).
The evidence in the record indicates, as discussed above, that Vongsouvanh's physical injury was a proximate cause of his mental disorders. Thus, § 25-5-1(9), Ala. Code 1975, does not bar his recovery.
Therefore, the trial court erred by applying the wrong standard and not determining whether Vongsouvanh's physical injuries were a contributing cause of his mental disorders. The evidence indicates that these injuries contributed, and continue to contribute, to cause Vongsouvanh's mental disorders; that Vongsouvanh is totally and permanently disabled; and that he is entitled to PTD benefits. However, if it is later determined that Vongsouvanh has been completely relieved of the physical pain caused by the injuries he received in the accident, but that he still has a mental illness, then Steel Processors may seek a reevaluation of the judgment to be based on our decision today, pursuant to Ala. Code 1975, § 25-5-57(a)(4)b., for a determination of whether the mental illness is proximately caused by physical injury. We reverse the judgment of the Court of Civil Appeals affirming the trial court's judgment denying Vongsouvanh PTD benefits, and we remand this case for the Court of Civil Appeals to direct the trial court to enter a judgment consistent with this opinion.
REVERSED AND REMANDED.
Hooper, C.J., and Maddox, Lyons, Brown, Johnstone, and England, JJ., concur.
See, J., dissents.