I concur in Part I of the main opinion and concur in the result reached in the remainder of that opinion. I write separately to note that I disagree with the statement in Part II of the main opinion that this court's holding in Nix v. Goodyear Tire Rubber Co., 624 So.2d 641 (Ala.Civ.App. 1993), did not survive the Supreme Court's decision in Ex parte Vongsouvanh,795 So.2d 625 (Ala. 2000). I see no inherent tension between the holdings in those two cases.
An event causing a work-related disability can, of course, be either the sole cause of the disability or only a "contributing" cause thereof. If an event is only a contributing cause, it may be either a proximate cause or merely a "but-for" cause, i.e., a sine qua non, of the injury. The main opinion emphasizes that Exparte Vongsouvanh stands for the proposition that an event need not be "the proximate cause" of an injury. The main opinion correctly quotes the Vongsouvanh opinion for its holding that the trial court in that case "should have applied the'contributing-cause' standard set forth in [Ex parte] Valdez
[, 636 So.2d 401 (Ala. 1994)]." 795 So.2d at 627 (emphasis added). Elsewhere in the Vongsouvanh opinion, however, our Supreme Court also repeatedly made it clear that, although an event need not be "the" proximate cause of an injury — i.e., theonly proximate cause of an injury — it nonetheless must be "a" proximate cause of an injury. Indeed, the holding of the Supreme Court in Ex parte Vongsouvanh was "that the trial court erred when it held that Vongsouvanh had not proved that his physical injuries were a proximate cause of his mental disorders."795 So.2d at 626 (emphasis added). As the Supreme Court explained:
 "Under Alabama law, for an employee to recover for psychological disorders, the employee must have suffered a physical injury to the body and that physical injury must be a proximate cause of the psychological disorders."
Ex parte Vongsouvanh, 795 So.2d at 628 (emphasis added) (concluding that the trial court's judgment must be reversed because "[t]he evidence in the record indicate[d] . . . that Vongsouvanh's physical injury was a proximate cause of his mental disorders" (emphasis added)).
Thus, the Supreme Court's opinion in Vongsouvanh is consistent with its earlier decision in Ex parte TrinityIndustries, Inc., 680 So.2d 262 (Ala. 1996). As the Supreme Court noted in Ex parte Trinity Industries, Inc., "`[f]or an accident to "arise out of employment" the employment must have been the cause and source of the accident and the resultant injuries must be traceable to a proximate cause set in motion by the employment.'" 680 So.2d at 265 n. 2 (quoting AlabamaTextile Prods. Corp. v. Grantham, 263 Ala. 179, 183,82 So.2d 204, 207 (1955)).
Recently, in Wal-Mart Stores, Inc. v. Morgan, 830 So.2d 741,745 (Ala.Civ.App. 2002), this court quoted from what we referred to as the "leading case in Alabama" *Page 433 
governing whether an accident arises out of an employee's employment:
 "`[I]n Alabama the employment must be the source and cause of the accident. Our supreme court in Wooten v. Roden, 260 Ala. [606,] 610, 71 So.2d [802,] 805 [(1954)], stated that in order to satisfy the "source and cause" requirement "the rational mind must be able to trace the resultant injury to a proximate
cause set in motion by the employment and not otherwise. . . ."'"
Wal-Mart Stores, Inc. v. Morgan, 830 So.2d at 745 (quotingSlimfold Mfg. Co. v. Martin, 417 So.2d 199, 201-02
(Ala.Civ.App. 1981) (emphasis added). "`[T]he but-for test is clearly not the test for causation under Alabama's [Workers'] Compensation Act.'" Wal-Mart Stores, Inc., 830 So.2d at 745
(quoting Slimfold Mfg. Co. v. Martin, 417 So.2d at 202)). Seealso Grider v. McKenzie, 659 So.2d 612, 616 (Ala.Civ.App. 1994) ("In order to meet the `arising out of' requirement, the employee must show a causal connection between the injury and the employment. More specifically, the injury must be rationally traceable to a proximate cause set in motion by the employment and not otherwise." (emphasis added; citations omitted)).
It is true that in Nix this court affirmed a judgment of the trial court in which the trial court wrote that the physical injury in question "`was not the proximate cause'" of the employee's disability. 624 So.2d at 643 (emphasis added). Despite the trial court's use of the word "the," I do not read Nix as suggesting that an event must be the only cause of an injury. Instead, upon reviewing this court's opinion in Nix, I conclude that that is a case in which the trial court simply found, based on substantial evidence, that there was only one proximate cause of the employee's disability, and that that proximate cause was not the employee's work-related physical injury. While the employee's work-related physical injury in Nix might have been a "but-for cause" of the employee's disability, the trial court found that it was not a proximate cause of that injury. As this court stated:
 "The physical injury to Nix, occurring several months prior to the death of her fellow employee, and from which she had recovered and returned to work, could at best be termed a remote cause of her subsequent mental disability. To paraphrase, the law, in its practical administration, regards only proximate or immediate, and not remote, causes."
Nix, 624 So.2d at 643. I therefore disagree that this court's holding in Nix did not survive Ex parte Vongsouvanh.
Because I conclude that substantial evidence was presented in the present case that both of the accidents in question were contributing, proximate causes of the employee's disability, I concur in the result.