I write separately to address Judge Murdock's dissent, which relies on Nix v. Goodyear Tire Rubber Co., 624 So.2d 641
(Ala.Civ.App. 1993). Because Nix focused on the phrase "the
proximate cause," rather than "a proximate cause," I do not believe that it survived the holdings in the following three decisions by our supreme court: Ex parte Vongsouvanh,795 So.2d 625, 627 (Ala. 2000) (stating that "the trial court should have applied the `contributing-cause' standard set forth in [Exparte] Valdez [, 636 So.2d 401 (Ala. 1994)]. If the court had used this standard, the evidence in the record would have been sufficient for the court to conclude that Vongsouvanh's physical injuries were a contributing cause of his mental disorders.");Ex parte Trinity Indus., Inc., 680 So.2d 262, 270 (Ala. 1996) (stating that "to establish `medical causation' in a workers' compensation case, a claimant need only produce substantial evidence tending to show that the exposure to [an occupational] risk . . . `was in fact [a] contributing cause of the injury'" (quoting City of Tuscaloosa v. Howard, 55 Ala.App. 701, 706,318 So.2d 729, 732 (Civ. 1975))); and Ex parte Valdez,636 So.2d 401, 405 (Ala. 1994) (stating that "[t]o establish medical causation, the plaintiff need not show that the [occupational] hazard was the sole cause of the employee's condition, but rather that the hazard was a `contributing cause' of the injury. A hazard can be a contributing cause if it is one of multiplefactors acting in concert to bring about the occupational disease" (citation omitted; emphasis added)). See USX Corp. v.Bradley, 881 So.2d 421, 427 (Ala.Civ.App.), affirmed on other grounds, Ex parte USX Corp., 881 So.2d 437 (Ala. 2003).
In my opinion, the term "contributing cause," as used by the Alabama Supreme Court in Vongsouvanh, Trinity Industries, andValdez, means a factor that, in conjunction with one or more other factors, proximately causes a result. In Vongsouvanh, the supreme court summarized the holding of Ex parte Valdez as follows:
 "Recognizing that multiple factors may have [proximately] caused the employee's cancer, we held that the correct standard was whether exposure to the *Page 124 
occupational hazard was a contributing cause of the employee's illness and resultant death."
795 So.2d at 627 (emphasis added). Beginning with the acknowledgment that "multiple factors" had "caused" the worker's mental disorders, the court recounted the evidence in the case. The court then concluded:
 "Based on this evidence, we find it clear that Vongsouvanh's mental disorders originated from both physical and emotional factors. Thus, the trial court should have applied the `contributing-cause' standard set forth in [Ex parte] Valdez [, 636 So.2d 401
(Ala. 1994)]. If the court had used this standard, the evidence in the record would have been sufficient for the court to conclude that Vongsouvanh's physical injuries were a contributing cause of his mental disorders.
". . . .
 "The evidence in the record indicates . . . that Vongsouvanh's physical injury was a proximate cause
of his mental disorders. Thus § 25-5-1(9), Ala. Code 1975, does not bar his recovery."
Vongsouvanh, 795 So.2d at 627-28 (emphasis added).