The main opinion recites most of the applicable facts of this case. I would add the following: While on the way to the site of the first explosion, Riles and members of his crew encountered injured workers being evacuated to the surface. At this time, Riles and those of his crew that were on his "bus" were told to call the surface and let personnel on the surface know that injured workers were on their way out. As this was occurring, a second bus with four of Riles's crew members on board proceeded further into the mine to fight what they thought was a fire.
A second explosion occurred. The second explosion killed 13 miners, including all 4 of the miners on the second bus that were part of Riles's crew.
Workers' compensation law is a creature of statute. See Exparte Doster Constr. Co., 772 So.2d 447, 450 (Ala. 2000). The determinative statute in this case is § 25-5-1(9), Ala. Code 1975. That statute states, in part, that an "injury," for purposes of the Workers' Compensation Act, "does not include a mental disorder or mental injury that has neither been produced nor beenproximately caused by some physical injury to the body." (Emphasis added.)
The employee and the main opinion rely upon Ex parteVongsouvanh, 795 So.2d 625 (Ala. 2000), for the proposition that the trial court's award of benefits under the Workers' Compensation Act should be affirmed because it is not necessary that the employee's physical injury be the sole cause of his psychological injury, so long as it is a contributing cause thereof. That proposition is true, so far as it goes. What is also true is that, as required by the statute, any so-called "contributing cause" must also be "a proximate cause" of the ultimate psychological injury.
While Judge Crawley is correct when he states in his separate writing that Ex parte Trinity Industries, Inc., 680 So.2d 262
(Ala. 1996), and Ex parte Valdez, 636 So.2d 401 (Ala. 1994), articulate a "contributing cause" test, neither of these cases holds, contrary to § 25-5-1(9), that it is enough that a physical injury be a contributing cause without also being a proximate cause. Indeed, in the more recent case of Ex parte Vongsouvanh, upon which Judge Crawley also relies, the Supreme Court set forth an analysis of the "contributing cause" test that relied upon its earlier holding in Ex parte Valdez, yet it concluded as follows: *Page 125 
 "Under Alabama law, for an employee to recover for psychological disorders, the employee must have suffered a physical injury to the body and that physical injury must be a proximate cause of the psychological disorders. See, e.g., Goolsby v. Family Dollar Stores of Alabama, Inc., 689 So.2d 104, 106 (Ala.Civ.App. 1996)."
795 So.2d at 628 (emphasis added). Ex parte Vongsouvanh
therefore stands for the proposition that, though a contributing physical injury need not be the sole proximate cause of a psychological injury, it must be a proximate cause of the psychological injury.
In Nix v. Goodyear Tire Rubber Co., 624 So.2d 641
(Ala.Civ.App. 1993), this court affirmed a trial court's judgment that reasoned as follows, in accordance with § 25-5-1(9):
 "`This court finds, from all the evidence, that, but for the plaintiff's friend and co-worker's death, the plaintiff would not have sustained her present . . . disabling mental condition. This court further finds, however, that, had the plaintiff not sustained physical injury on the same machine in the same manner, earlier, she also would not have suffered her present disabling mental condition. Therefore, as best as this court can determine, both events contributed to her present mental condition. The court finds, however, that the "precipitating cause" and the proximate cause of her present mental condition and disability was the death of her close friend and co-worker on August 7, 1990, and that, while the physical injury to the plaintiff sustained some seven months earlier in January of 1990 was a contributing factor, it was not the proximate cause of her present mental condition and disability.'"
624 So.2d at 643 (emphasis added).
I disagree with Judge Crawley's view that Nix did not survive the holdings in Ex parte Trinity Industries, Inc., Ex parteValdez, and Ex parte Vongsouvanh. First, I do not read this court's affirmance in Nix of a trial court's judgment that used the phrase "the proximate cause" as inconsistent with the principle that there can be more than one "contributing cause" of a plaintiff's mental condition. Instead, it was merely a recognition that, under the facts of that particular case, there was only one proximate cause.[2] Second, while the physical injuries that were contributing causes in Ex parteVongsouvanh and Ex parte Valdez were in fact also proximate
causes, that does not change the fact that all contributing causes are not necessarily proximate causes, see, e.g., 57 Am.Jur.2d Negligence § 437 (2004), and that a contributing physical cause must still be proven to be a proximate cause for purposes of § 25-5-1(9), see, e.g., Ex parte Vongsouvanh,795 So.2d at 628 (concluding that "[t]he evidence in the record indicates" that the employee's physical injury was a proximate cause of his mental disorders).[3] *Page 126 
While there was testimony in the present case that the plaintiff's injuries to his shoulder and neck, along with some smoke inhalation, made his entire experience involving the explosions and his coworkers' deaths "seem more real," he healed from those injuries in relatively short order. Similarly, inGoolsby v. Family Dollar Stores of Alabama, 689 So.2d 104
(Ala.Civ.App. 1996), a case relied upon in Ex parte Vongsouvanh,see 795 So.2d at 628, an employee was injured in the course of a robbery; however, it was not the physical injuries suffered in the robbery that proximately caused the employee's post-traumatic stress disorder in that case. Instead, it was the employee's general experience of the robbery itself. Goolsby,689 So.2d at 106. As a result, the trial court denied workers' compensation benefits to the employee. On the basis of the requirement set out in § 25-5-1(9) that a mental disorder must be "proximately caused" by some workplace physical injury in order to be compensable, this court affirmed. Goolsby, 689 So.2d at 106.
Judge Crawley also relies upon USX Corp. v. Bradley,881 So.2d 421 (Ala.Civ.App. 2003). The views he expresses in the present case reflect those he stated in part II of the main opinion in Bradley, namely, that a "physical injury . . . need not be `"the" proximate cause' but only `a contributing cause' of the psychological injury." Bradley, 881 So.2d at 427
(citing, among other cases, Ex parte Vongsouvanh). No other judge of this court concurred in the analysis of part II of theBradley opinion. See Bradley, 881 So.2d at 432 (Yates, P.J., and Murdock, J., concurring in the result as to part II; Thompson and Pittman, JJ., dissenting). I wrote separately to more fully explain my views concerning this matter, stating, among other things:
 "[T]he holding of the Supreme Court in Ex parte Vongsouvanh was `that the trial court erred when it held that Vongsouvanh had not proved that his physical injuries were a proximate cause of his mental disorders.' 795 So.2d at 626
(emphasis added). . . .
 ". . . [T]he Supreme Court's opinion in Vongsouvanh
is consistent with its earlier decision in Ex parte Trinity Industries, Inc., 680 So.2d 262 (Ala. 1996). As the Supreme Court noted in Ex parte Trinity Industries, Inc., `"[f]or an accident to `arise out of employment' the employment must have been the cause and source of the accident and the resultant injuries must be traceable to a proximate cause set in motion by the employment."' 680 So.2d at 265 n. 2 (quoting Alabama Textile Prods. Corp. v. Grantham, 263 Ala. 179, 183, 82 So.2d 204, 207 (1955)).
 "Recently, in Wal-Mart Stores, Inc. v. Morgan, 830 So.2d 741, 745 (Ala.Civ.App. 2002), this court quoted from what we referred to as the `leading case in Alabama' governing whether an accident arises out of an employee's employment:
 "`"In Alabama the employment must be the source and cause of the accident. Our supreme court in Wooten v. Roden, 260 Ala. [606,] 610, 71 So.2d [802,] 805 [(1954)], stated that in order to satisfy the `source and cause' requirement `the rational mind must be able to trace the resultant injury to a proximate
cause set in motion by the employment and not otherwise. . . .'"'
 "Wal-Mart Stores, Inc. v. Morgan, 830 So.2d at 745
(quoting Slimfold Mfg. Co. v. Martin, 417 So.2d 199, 201-02 (Ala.Civ.App. 1981)) (emphasis added). `"[T]he but-for test is clearly not the test for causation under Alabama's [Workers'] Compensation Act."' Wal-Mart *Page 127 Stores, Inc., 830 So.2d at 745 (quoting Slimfold Mfg. Co. v. Martin, 417 So.2d at 202). See also Grider v. McKenzie, 659 So.2d 612, 616 (Ala.Civ.App. 1994) (`In order to meet the "arising out of" requirement, the employee must show a causal connection between the injury and the employment. More specifically, the injury must be rationally traceable to a proximate cause set in motion by the employment and not otherwise.' (emphasis added; citations omitted))."
Bradley, 881 So.2d at 432-33 (Murdock, J., concurring in part and concurring in the result). The same views that led me to concur in the result in favor of the employee in Bradley cause me to conclude that this court should hold in favor of the employer in the present case.
On the authority of § 25-5-1(9) and the decisions of our Supreme Court and this court in the cases of Ex parteVongsouvanh, Goolsby, and Nix, I must respectfully dissent. I do not find that the evidence in the record before us supports the trial court's finding that the employee's relatively minor physical injuries were a proximate cause of his psychological injury.
[2] Likewise, there was only one proximate cause in Goolsby v.Family Dollar Stores of Alabama, Inc., 689 So.2d 104, 106
(Ala.Civ.App. 1996). See discussion infra.
[3] The Supreme Court in Ex parte Vongsouvanh found the employee's psychological disorder to be compensable based on facts quite different than those presented in the present case, including more significant and longer-lasting physical injuries to the employee, complaints of pain by the employee in both his ankle and his hand despite previous surgeries, and a psychiatric diagnosis of four mental disorders, including "(1) depression, (2) chronic-pain syndrome, (3) `status-post-motor-vehicle-accident' with traumatic injuries, and (4) reflex sympathetic dystrophy secondary to the accident."795 So.2d at 626.