I concur in the result of the main opinion affirming the summary judgment entered in favor of the City of Rainbow City. To the extent that the affirmance relies on Herchenhahn v. AmocoChemical Co., 688 So.2d 847 (Ala.Civ.App. 1997), however, I disagree and would overrule that case.
Couch alleges that post-traumatic stress disorder and "occupational depression" are compensable injuries under the occupational-disease provisions of the Workers' Compensation Act, codified at Ala. Code 1975, § 25-5-110 et seq. Section 25-5-110(1) defines an occupational disease as:
 "A disease arising out of and in the course of employment . . . which is due to hazards in excess of those ordinarily incident to employment in general and is peculiar to the occupation in which the employee is engaged but without regard to negligence or fault, if any, of the employer. A disease, including, but not limited to, loss of hearing due to noise, shall be deemed an occupational disease only if caused by a hazard recognized as peculiar to a particular trade, process, occupation, or employment as a direct result of exposure, over a period of time, to the normal working conditions of the trade, process, occupation, or employment."
However, § 25-5-1 states:
 "Throughout this chapter, the following words and phrases as used therein shall be considered to have the following meanings, respectively, unless the context shall clearly indicate a different meaning in the connection used:
". . . .
 "(9) Injury. `Injury and personal injury' shall mean only injury by accident arising out of and in the course of employment, and shall not include a disease in any form, except for occupational disease or where it results naturally and unavoidably from the accident. Injury shall include physical injury caused either by carpal tunnel syndrome disorder or by other cumulative trauma disorder if either disorder arises out of and in the course of the employment, and breakage or damage to eyeglasses, hearing aids, dentures, or other prosthetic devices which function as part of the body, when injury to them is incidental to an on-the-job injury to the body. Injury does not include an injury caused by the act of a third person or fellow employee intended to injure the employee because of reasons personal to him or her and not directed against him or her as an employee or because of his or her employment. Injury does not include a mental disorder or mental injury that has neither been produced nor been proximately caused by some physical injury to the body."
(Emphasis added.) This court "cannot give a construction to the [Workers' Compensation] Act which will extend it beyond its legitimate scope, nor which the language of the Act does not fairly and reasonably support." Magouirk v. United ParcelServ., 496 So.2d 55, 58 (Ala.Civ.App. 1986).
Under Alabama law, for an employee to recover for a psychological disorder, the employee must have suffered a physical injury that proximately caused the psychological disorder. Ex parte Vongsouvanh, *Page 778 795 So.2d 625 (Ala. 2000). It is undisputed that Couch did not suffer any physical injury. Therefore, the trial court properly entered a summary judgment in favor of the City.