MOORE, Judge,
concurring specially.
I concur with the main opinion that the trial court did not err in finding that all Matthew Dingman’s current ankle problems relate to his 2001 injury. As the party asserting that Dingman injured his ankle in subsequent employment so that the subsequent employers would be liable for his benefits under the last-injurious-exposure rule, see, e.g., Kohler v. Miller, 921 So.2d 436, 444-45 (Ala.Civ.App.2005), I believe that Caseco, LLC, bore the burden of proof as to that issue. Its most compelling argument on appeal is that radio-graphic images showed that Dingman sustained new ligament damage in his ankle in 2003, which Caseco attributes to the repetitive walking in which Dingman engaged while working at DeSoto Correctional Facility. However, Caseco did not present any expert medical testimony to the trial court on that point, and, in the absence of such evidence, I cannot place the trial court in error for failing to accept that theory. See Hokes Bluff Welding & Fabrication v. Cox, 33 So.3d 592, 603 (Ala. Civ.App.2008) (holding that employee should have presented medical expert testimony in support of theory that he had sustained a new injury or an aggravation of an old injury in light of employer’s medical evidence to the contrary). Furthermore, I agree that the trial court reasonably could have concluded that the pain Dingman experienced in the ankle while working in subsequent employment constituted only recurrent symptoms of the original injury. In either case, Caseco would remain liable for the injury under the last-injurious-exposure rule. Kohler, supra.
I also concur in the holding that Ding-man’s depression takes the case outside the schedule. In its brief to this court, Caseco argues solely that the depression Dingman suffers should not take the case outside the schedule because, it says, that psychological condition is not caused by the ankle injury.[8] However, binding case-law recognizes that if a compensable physical injury proximately contributes to a psychological condition, that psychological condition is itself compensable. See *927 Ex parte Vongsouvanh, 795 So.2d 625, 628 (Ala.2000). I believe that, under this liberal “contributing cause” standard, the depression suffered by Dingman is com-pensable. Had Dingman developed depression solely from anxiety over his loss of employment and income and any resulting alienation of his family, the Vong-souvanh test would not be satisfied. The record, however, contains substantial evidence indicating that the pain from the ankle injury also proximately contributes to Dingman’s psychological condition so that the presence of those other contributing factors did not preclude the trial court from finding the depression to be compensable. Thus, the main opinion correctly rejects the lack-of-causation argument made by Caseco.
Finally, I believe the main opinion correctly rejects the arguments asserted by Caseco directed toward the trial court’s finding that Dingman sustained a permanent total disability.[9] With the exception of the judicial-estoppel argument, which I agree has been waived, see 65 So.3d at 924-25 n. 7, those arguments essentially point out that substantial evidence exists that Dingman can perform gainful employment. However,
“[o]ur review is restricted to a determination of whether the trial court’s factual findings are supported by substantial evidence. Ala.Code 1975, § 25-5-81(e)(2). This statutorily mandated scope of review does not permit this court to reverse the trial court’s judgment based on a particular factual finding on the ground that substantial evidence supports a contrary factual finding; rather, it permits this court to reverse the trial court’s judgment only if its factual finding is not supported by substantial evidence. See Ex parte M & D Mech. Contractors, Inc., 725 So.2d 292 (Ala.1998). A trial court’s findings of fact on conflicting evidence are conclusive if they are supported by substantial evidence. Edwards v. Jesse Stutts, Inc., 655 So.2d 1012 (Ala.Civ. App.1995). Thus, if substantial evidence supports a finding that the employee has sustained [a permanent and total] loss of earning capacity, this court may not reverse a judgment based on that finding even if the great weight of the evidence indicates that the employee has sustained a [lesser] disability.”
Landers v. Lowe’s Home Ctrs., Inc., 14 So.3d 144, 151 (Ala.Civ.App.2007).

. Caseco does not argue that a psychological condition caused by physical pain isolated in a scheduled member fails to meet the tests set out in Ex parte Drummond Co., 837 So.2d 831 (Ala.2002), and/or Norandal U.S.A., Inc. v. Graben, 18 So.3d 405 (Ala.Civ.App.2009), for deviating from the schedule, so I do not address that point.

. Caseco does not argue that Dingman should not be considered permanently and totally disabled because he is capable of being retrained for gainful employment. See § 25-5-57(a)(4)d., Ala.Code 1975 (defining "permanent total disability" as "any physical injury or mental impairment resulting from an accident, which injury or impairment permanently and totally incapacitates the employee from working at and being retrained for gainful employment").