BRYAN, Judge.
 

 Pipeline Technic, L.L.C., appeals from a judgment of the trial court awarding workers’ compensation benefits to James Mason for a permanent and total disability. The dispositive issue on appeal is whether the trial court erred in awarding benefits to Mason for an injury to the body as a whole rather than for an injury to a scheduled member under § 25-5-57(a)(3), Ala. Code 1975. We affirm.
 

 Mason worked for Pipeline as a welder. On September 19, 2004, Mason was injured at work when a pipe roller fell on his right foot. Mason sustained a “crush injury” that fractured bones, lacerated tendons, crushed tissue, and caused an open wound in his foot. Dr. Frederick N. Meyer, an orthopedic surgeon, operated on Mason’s injured foot on September 19, 2004.
 

 In December 2004, Mason sued Pipeline, seeking workers’ compensation benefits. Following a trial held in November 2006, the trial court entered a judgment awarding Mason permanent-total-disability benefits. In its judgment, the trial court stated, in pertinent part:
 

 “The Court observed and paid close attention to Mr. Mason’s demeanor in Court. The Court observed the fact that Mr. Mason was unsteady on his feet and had difficulty walking. He held himself in a cautious manner and appeared to be seriously hurt and in pain.... The Court found Mr. Mason to be a credible and candid witness and his testimony as to his injuries was substantiated and backed up by the medical evidence.
 

 [[Image here]]
 

 “... Due to Mr. Mason’s unsteady gait, and taking into consideration the testimony of Dr. Meyer, the Court finds that Mr. Mason will suffer both foot pain and back pain which becomes debilitating as Mr. Mason’s activity increases throughout each day....
 

 [[Image here]]
 

 “... The Court has observed through testimony and photographic evidence the softball size ‘knot’ (swelling) in Mr. Mason’s back. After observing Mr. Mason on two separate occasions, the Court concludes that the injury to Mr. Mason’s foot adversely affects his gait and his improper gait causes the swelling and pain in Mr. Mason’s back.
 

 
 *1178
 
 “... The Court finds that Mr. Mason’s injury is not limited solely to his foot and ankle. The Court concludes that the injury to Mr. Mason’s foot and ankle affects the efficiency of other parts of his body, specifically his back. As a result, Mr. Mason is not limited to the scheduled allowance for his lost lower right extremity and the Court concludes that he is permanently and totally disabled on that basis.
 

 “... [In] addition, the Court concludes that the pain which Mr. Mason suffers to his foot is constant and debilitating and of such severity to preclude Mr. Mason from engaging in other gainful employment .... Such pain also further supports the Court’s conclusion that Mr. Mason is permanently and totally disabled from obtaining and/or performing gainful employment.”
 

 Section
 
 25-5-81(e),
 
 Ala.Code 1975, provides the standard of review in workers’ compensation cases:
 

 “(1) In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.
 

 “(2) In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.”
 

 Substantial evidence is “ ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ”
 
 Ex parte Trinity Indus., Inc.,
 
 680 So.2d 262, 268 (Ala.1996) (quoting
 
 West v. Founders Life Assurance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989)). “This court’s role is not to reweigh the evidence, but to affirm the judgment of the trial court if its findings are supported by substantial evidence and, if so, if the correct legal conclusions are drawn therefrom.”
 
 Bostrom Seating, Inc. v. Adderhold,
 
 852 So.2d 784, 794 (Ala.Civ.App.2002).
 

 On appeal, Pipeline first argues that the trial court erred in awarding Mason benefits for an injury to the body as a whole, rather than for an injury to a scheduled member under § 25-5-57(a)(3), Ala.Code 1975. In
 
 Ex parte Drummond Co.,
 
 837 So.2d 831, 834 (Ala.2002), our supreme court restated the test for determining when an injury to a scheduled member should be treated as an nonscheduled injury to the body as a whole: “ ‘[I]f the effects of the loss of the member extend to other parts of the body and interfere with their efficiency, the schedule allowance for the lost member is not exclusive.’ ” (quoting 4 Lex K. Larson,
 
 Larson’s Workers’ Compensation Law
 
 § 87.02 (2001)).
 
 See also Ex parte Jackson,
 
 997 So.2d 1038 (Ala.2007) (reversing
 
 Boise Cascade Corp. v. Jackson,
 
 997 So.2d 1026 (Ala.Civ.App.2007), in which this court reversed a trial court’s judgment awarding benefits outside the schedule when the employee presented evidence indicating that an injury to his lower extremity had caused an altered gait, in turn causing back pain). Pipeline contends that the trial court erred in finding that Mason’s injury to his right foot, a scheduled member, extended to his back, a nonscheduled body part.
 

 The record on appeal contains the following additional facts. The record on appeal indicates that Dr. Meyer, the physician who operated on Mason’s foot in September 2004, continued to treat Mason’s injury following the surgery. On March 9, 2005, Mason told Dr. Meyer that he was experiencing back pain. Dr. Meyer prescribed Mobic, a nonsteroidal, anti-inflammatory pain reliever, for Mason’s back pain. On April 8, 2005, Mason reported to Dr. Meyer that his back pain had “im
 
 *1179
 
 proved significantly.” Dr. Meyer testified by deposition that Mason made no further complaints about back pain.
 

 On August 19, 2005, Dr. Sudhakar Ma-danagopal, a physician associated with Dr. Meyer, examined Mason and noted that Mason was “walking with a gait where he places most of his weight on the lateral border of the foot.” Dr. Meyer testified that Mason’s walking in that manner “could cause back pain if he did it long enough.” Dr. Meyer opined that Mason reached maximum medical improvement on October 28, 2005. On that date, Dr. Meyer assigned a impairment rating of seven percent to Mason’s body as a whole based on his right-foot injury. Dr. Meyer also concluded that Mason had a zero-percent impairment rating in the category of “gait derangement.” Dr. Meyer last treated Mason on October 28, 2005.
 

 At trial in November 2006, Mason testified that, due to the effects of his right-foot injury, he walks “on the side” of that foot, causing him to limp. Mason testified that the manner in which he walks causes pain and swelling in his back every day. Mason stated that he experiences back pain when he walks but experiences little back pain when he is not walking. Using a 10-point scale, Mason testified that his back pain sometimes reaches a pain level of 10. Mason stated that he takes nonprescription medication to relieve his back pain. Mason testified that he underwent no medical tests on his back following his foot injury.
 

 In its judgment, the trial court found that the effects of Mason’s foot injury extended to his back and interfered with its efficiency. Therefore, pursuant to
 
 Ex parte Drummond Co.,
 
 supra, the trial court awarded Mason workers’ compensation benefits for an injury to the body as a whole under § 25-5-57(a)(4), Ala.Code 1975, rather than for an injury to a scheduled member under § 25-5-57(a)(3), Ala. Code 1975. Pipeline argues that there is not substantial evidence indicating that the effects of Mason’s foot injury extended to Mason’s back.
 

 Pipeline cites
 
 Chadwick Timber Co. v. Philon,
 
 [Ms. 2050697, March 16, 2007] — So.3d - (Ala.Civ.App.2007), in support of its argument. In
 
 Chadwick Timber,
 
 the employee broke his leg in a workplace accident. The trial court in that case found that the employee had sustained work-related injuries to both his leg and back, and it awarded workers’ compensation benefits for an injury to the body as a whole. The employer argued on appeal that the employee had failed to present substantial evidence of medical causation regarding the employee’s claim that his back injury was work related. This court reversed the trial court’s judgment, stating:
 

 “We must conclude ... that [the employee] failed to present substantial evidence of medical causation with regard to his claim that his leg injury extended to other parts of his body so as to cause a permanent and total disability. [The employee] testified that his leg injury caused him to suffer back pain. However, the only other evidence in the record pertaining to whether [the employee’s] leg injury caused his back pain was the testimony of Dr. [Albert] Pearsall[, the employee’s treating physician]. Dr. Pearsall could state only that it was possible,
 
 but not likely,
 
 that the back pain was caused by a change in [the employee’s] gait. We cannot hold that the foregoing amounts to ‘ “more than evidence of mere possibilities” ’ that [the employee]’s back injury was related to the injury to his leg ....
 
 Ex parte Southern Energy Homes, Inc.,
 
 873 So.2d [1116,] 1122 [ (Ala.2003) ]. Given the facts of this case, to find [the employer]
 
 *1180
 
 responsible for workers’ compensation benefits outside the schedule set forth in § 25-5-57(a) based on the foregoing evidence ‘ “would only serve to ‘guess’ [it] into liability.” ’
 
 Id.”
 

 — So.3d at - (emphasis added).
 

 In
 
 Honda Manufacturing of Alabama, LLC v. Alford,
 
 6 So.3d 22 (Ala.Civ.App.2007), the employee sustained a work-related injury to his knee. The trial court in that case found that the ‘“[employee’s] favoring his injured knee caused additional strain on [his] back,’ ” resulting in an injury to the employee’s back. 6 So.3d at 24. Consequently, the trial court awarded workers’ compensation benefits outside the schedule of injuries provided in § 25-5-57(a)(3). In reversing that part of the trial court’s judgment awarding benefits outside the schedule, this court stated:
 

 “[T]he employee has testified that he experienced back pain after sustaining his knee injury. However, the employee has sought medical attention for that back pain on only one occasion, in February 2005, at which time the employee was diagnosed with chronic back pain that was insufficient to warrant further medical intervention or testing. No medical evidence connected the medical conditions present in the employee’s spinal column to the knee injury he had sustained while working for the employer. Moreover, as in
 
 Chadwick Timber,
 
 no medical evidence adduced at trial would support anything other than the mere
 
 possibility
 
 that a lower-extremity injury
 
 could
 
 have caused back pain via a change in the injured person’s gait; indeed, in this case,
 
 Dr. /George] Douthitf, the employee’s treating physician,] expressed surprise that the employee would have suffered back pain after the knee injury.
 
 As a result, we cannot conclude that that portion of the trial court’s judgment awarding benefits beyond those specified in the schedule of members in the [Alabama Workers’ Compensation] Act[, § 25-5-1 et seq., Ala.Code 1975,] is supported by substantial evidence.”
 

 6 So.3d at 28-29 (final emphasis added).
 

 In
 
 Chadwick Timber
 
 and
 
 Honda Manufacturing,
 
 the employees’ treating physicians indicated that back pain would be an unlikely or unexpected result of the employees’ altered gaits in those cases. That is, medical evidence in those cases tended to suggest that the employees’ back pain was
 
 not
 
 caused by an altered gait. However, in this case, Dr. Meyer testified that Mason’s altered gait “could cause back pain if he did it long enough.” Dr. Meyer last examined Mason in October 2005, and the trial was held in November 2006, more than a year later. Mason testified at trial that his foot injury causes him to alter his gait, which he claimed in turn causes him daily back pain and swelling. Mason testified that he experiences back pain when he walks but that he experiences little back pain when he is not walking. In its judgment, the trial court noted that it had observed Mason’s “improper gait” and found that Mason’s gait “causes the swelling and pain” in his back. The trial court further found Mason to be a credible witness.
 

 We recognize that “evidence presented by a [workers’] compensation claimant must be more than evidence of mere possibilities that would only serve to ‘guess’ the employer into liability.”
 
 Hammons v. Roses Stores, Inc.,
 
 547 So.2d 883, 885 (Ala.Civ.App.1989). However, we note also that “ ‘[m]edical causation may be found by the trial court without testimony from medical doctors.
 
 Ex parte Price,
 
 555 So.2d 1060 (Ala.1989).’ ”
 
 Guck v. Daniel & Son, Inc.,
 
 848 So.2d 1001, 1004 (Ala.Civ.App.2002) (quoting
 
 Pair v. Jack’s Family Restaurants, Inc.,
 
 765 So.2d 678, 681 (Ala.
 
 *1181
 
 Civ.App.2000)). “As the finder of facts, ... the trial court is authorized to draw any reasonable inference from the evidence, including conclusions of medical facts that are not within the peculiar knowledge of medical experts.”
 
 Ex parte Price,
 
 555 So.2d 1060, 1062 (Ala.1989). “ ‘[I]t is in the overall substance and effect of the whole of the evidence, when viewed in the full context of all the lay and expert evidence, and not in the witness’s use of any magical words or phrases, that the test [for medical causation] finds its application.’ ”
 
 Ex parte Southern Energy Homes, Inc.,
 
 873 So.2d 1116, 1121 (Ala.2003) (quoting
 
 Ex parte Price,
 
 555 So.2d at 1063) (emphasis omitted). In this case, Mason’s testimony indicates that his gait, altered as a result of his foot injury, causes daily pain and swelling in his back; the medical evidence does not contradict this evidence. Accordingly, the trial court did not err in finding, pursuant to the test stated in
 
 Ex parte Drummond Co.,
 
 that the effects of Mason’s foot injury extended to his back and affected its efficiency.
 

 Pipeline also argues that the trial court erred in admitting photographs depicting swelling in Mason’s back. Mason testified at trial that he experiences swelling in his back, and the trial court found Mason to be a credible witness. Therefore, even if the trial court erred in admitting the photographs, that error was harmless because those photographs provided cumulative evidence.
 
 See Ex parte Key,
 
 890 So.2d 1056, 1066 (Ala.2003) (stating that even if the trial court exceeded its discretion in admitting certain testimony, any error was harmless because that testimony was cumulative);
 
 Yeomans v. State,
 
 641 So.2d 1269, 1272 (Ala.Crim.App.1993) (“Testimony that may be apparently inadmissible may be rendered innocuous by subsequent or prior lawful testimony to the same effect or from which the same facts can be inferred.”); and Rule 45, Ala. R.App. P. Moreover, the photographs depicting swelling in Mason’s back offer no evidence regarding the key issue of whether the effects of his foot injury caused that swelling. Regardless of the photographs, substantial evidence supported the trial court’s finding that the effects of Mason’s foot injury extended to his back and affected its efficiency by causing pain and swelling.
 

 In addition to awarding Mason benefits outside the schedule based on application of the test found in
 
 Ex parte Drummond,
 
 the trial court also awarded Mason benefits outside the schedule based on its finding that Mason suffers from debilitating pain.
 
 See Masterbrand Cabinets, Inc. v. Johnson,
 
 984 So.2d 1136 (Ala.Civ.App.2005) (plurality opinion) (affirming a trial court’s judgment awarding benefits outside the schedule on the ground that the employee suffered constant and severe pain that, although isolated to scheduled members, caused a debilitating effect to the employee’s body as a whole).
 
 See also Shoney’s, Inc. v. Rigsby,
 
 971 So.2d 722 (Ala.Civ.App.2007) (distinguishing the facts of that case from those of
 
 Johnson
 
 while applying the
 
 Johnson
 
 analysis); and
 
 Kohler Co. v. Miller,
 
 921 So.2d 436 (Ala.Civ.App.2005) (distinguishing the facts of that case from those of
 
 Johnson).
 
 On appeal, Pipeline also argues that the trial court erred in awarding Mason benefits outside the schedule based on a finding that Mason suffers from debilitating pain. However, we pretermit discussion of this issue based on our conclusion that the trial court did not err in awarding benefits outside the schedule under the test stated in
 
 Ex parte Drummond Co.
 
 Further, because we conclude that the trial court did not err in treating Mason’s injury as an injury to the body as a whole, Pipeline’s argument that the trial court erred in admitting evidence
 
 *1182
 
 regarding Mason’s vocational disability and education fails.
 

 We conclude that the trial court did not err in awarding workers’ compensation benefits to Mason for an injury to the body as a whole rather than for an injury to a scheduled member. Accordingly, we affirm the trial court’s judgment.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.