BRYAN, Judge.
 

 Child Day Care Association (“CDCA”) appeals from a judgment of the trial court awarding workers’ compensation benefits
 
 *250
 
 to Victoria Christesen for a permanent and total disability. The issue on appeal is whether the trial court erred in awarding benefits to Christesen for an injury to the body as a whole rather than for injuries to scheduled members under § 25-5-57(a)(3), Ala.Code 1975. We affirm.
 

 In August 2002, Christesen injured her right ankle in an accident while working for CDCA. A subsequent MRI of Chris-tesen’s right ankle revealed a rupture of the posterior tibial tendon. In January 2003, Dr. William A. Crotwell, an orthopedic surgeon and Christesen’s authorized treating physician, performed surgery to repair the ruptured tendon. Following the surgery, Dr. Crotwell referred Christesen to physical therapy. While participating in physical therapy in July 2003, Christesen ruptured the quadriceps tendon in her left knee. Dr. Crotwell subsequently performed surgery to repair the ruptured tendon in Christesen’s left knee.
 

 In February 2004, Christesen sued CDCA, seeking workers’ compensation benefits. Following a trial held in June 2007, the trial court entered a judgment in September 2007 awarding Christesen permanent-total-disability benefits. Following the denial of its postjudgment motion, CDCA appealed to this court.
 

 Section 25-5-81(e), Ala.Code 1975, provides the standard of review in workers’ compensation cases:
 

 “(1) In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.
 

 “(2) In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.”
 

 Substantial evidence is “ ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ”
 
 Ex parte Trinity Indus., Inc.,
 
 680 So.2d 262, 268 (Ala.1996) (quoting
 
 West v. Founders Life Assurance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989)).
 

 “Our review is restricted to a determination of whether the trial court’s factual findings are supported by substantial evidence. Ala.Code 1975, § 25-5-81(e)(2). This statutorily mandated scope of review does not permit this court to reverse the trial court’s judgment based on a particular factual finding on the ground that substantial evidence supports a contrary factual finding; rather, it permits this court to reverse the trial court’s judgment only if its factual finding is not supported by substantial evidence.
 
 See Ex parte M & D Mech. Contractors, Inc.,
 
 725 So.2d 292 (Ala.1998). A trial court’s findings of fact on conflicting evidence are conclusive if they are supported by substantial evidence.
 
 Edwards v. Jesse Stutts, Inc.,
 
 655 So.2d 1012 (Ala.Civ.App.1995).”
 

 Landers v. Lowe’s Home Ctrs., Inc.,
 
 14 So.3d 144, 151 (Ala.Civ.App.2007). “This court’s role is not to reweigh the evidence, but to affirm the judgment of the trial court if its findings are supported by substantial evidence and, if so, if the correct legal conclusions are drawn therefrom.”
 
 Bostrom Seating, Inc. v. Adderhold,
 
 852 So.2d 784, 794 (Ala.Civ.App.2002).
 

 On appeal, CDCA argues that the trial court erred in awarding workers’ compensation benefits to Christesen for an injury to the body as a whole rather than for injuries to scheduled members under § 25-5-57(a)(3), Ala.Code 1975. Injuries to the ankle and knee are typically compensated under the schedule found in § 25-5-57(a)(3). In its judgment, the trial court awarded Christesen benefits outside
 
 *251
 
 the schedule on two separate grounds: (1) the trial court’s finding that the pain in Christesen’s injured right ankle and left knee was severe, constant, and had a debilitating effect on her body as a whole; and (2) the trial court’s finding that the effects of the injuries to Christesen’s right ankle and left knee extended to her back and interfered with its efficiency. We first address the trial court’s second ground for awarding benefits outside the schedule.
 

 In
 
 Ex parte Drummond Co.,
 
 837 So.2d 831, 834 (Ala.2002), our supreme court restated the test for determining when an injury to a scheduled member may be treated as a nonscheduled injury to the body as a whole: “ ‘[I]f the effects of the loss of the member extend to other parts of the body and interfere with their efficiency, the schedule allowance for the lost member is not exclusive.’ ” (Quoting 4 Lex K. Larson,
 
 Larson’s Workers’ Compensation Law
 
 § 87.02 (2001).) “To ‘interfere’ means ‘to interpose in a way that hinders or impedes.’
 
 See Merriam-Webster’s Collegiate Dictionary
 
 652 (11th ed. 2003). ‘Efficiency1 refers to effective functioning.
 
 Id.
 
 at 397.”
 
 Boise Cascade Corp. v. Jackson,
 
 997 So.2d 1042, 1045 (Ala.Civ.App.2008).
 

 “Based on the holding in
 
 Ex parte Jackson,
 
 [997 So.2d 1038 (Ala.Civ.App.2007) ], in order to prove that the effects of the injury to the scheduled member ‘extend to other parts of the body and interfere with their efficiency,’ the employee does not have to prove that the effects actually cause a permanent physical injury to nonscheduled parts of the body. Rather, the employee must prove that the injury to the scheduled member causes pain or other symptoms that render the nonscheduled parts of the body less efficient.
 

 “Under Alabama’s workers’ compensation law, the determination of whether an injury to one part of the body causes symptoms to another part of the body is a question of medical causation.
 
 See Honda Mfg. of Alabama, LLC v. Alford,
 
 6 So.3d 22, 28 (Ala.Civ.App.2007). To prove medical causation, the employee must prove that the effects of the scheduled injury, in fact, contribute to the symptoms in the nonscheduled parts of the body.
 
 See generally Ex parte Valdez,
 
 636 So.2d 401, 405 (Ala.1994).”
 

 Id.
 
 at 1044.
 

 In its judgment, the trial court, after citing the test found in
 
 Ex parte Drummond Co.,
 
 stated:
 

 “[T]his Court concludes that the injuries to Ms. Christesen’s lower extremities have caused a physical problem with regard to her back. Specifically, Dr. Crotwell testified that the malalignment of her lower extremities have caused this back problem. According to Dr. Crotwell, the malalignment has affected the efficiency of her back. Separate work restrictions for her back would have been assigned [by Dr. Crotwell] but for the fact that they were encompassed within the restrictions which he placed on her lower extremities.”
 

 At trial, Christesen testified:
 

 “Q. [By counsel for Christesen:] ... [H]ave these injuries that you have [to your right ankle and left knee] extended to any other parts of your body?
 

 “A. Yes. I have a lot of pain in my right hip and my lower back.
 

 “Q. ... Does this pain in your back and your hip, does it affect the efficiency of your back?
 

 “A. Yes.
 

 “Q. How does it affect the efficiency of your back?
 

 “A. Well, just the way I can move my body and how much I can do. [It affects] my mobility.
 

 
 *252
 
 “Q. Does it cause pain in your muscles and ligaments in your back?
 

 “A. Yes.
 

 “Q. Does it affect your range of motion?
 

 “A. Yes.”
 

 In his deposition testimony, Dr. Crotwell testified that Christesen experiences “chronic pain” in her back. Dr. Crotwell testified that he had not treated Christesen for her back pain. Dr. Crotwell further testified:
 

 “Q. [By counsel for Christesen:] ... [To] what do you attribute the problems with [Christesen’s] back and the complaints she’s been having?
 

 “A. A lot of it is because of the imbalance, the mechanical shifting. She’s had the problems with the right foot with the severe operation that[ ] she had on that with the posterior tibial transfer and all that we did. Then you combine that with the rupture of the quad[riceps] on the left side.... [With] most people if you just have [an injury on] one side[, you] can usually compensate pretty good with it, but if you [have injuries on] two sides, then it usually causes some mala-lignment and can cause some back problems. And fortunately she hasn’t had a great amount, but she definitely has had some back problems with increased pain. So I would attribute it to the problems with the malalignment and shifting of her back due to both injuries, the right and the left legs.
 

 “Q. Would it be a fair statement to say then that the injuries to [Christesen’s] right ankle and to her left quadpri-ceps], those injuries, are they [a]ffecting the efficiency of her back functions?
 

 “A. Oh, definitely, yes.
 

 [[Image here]]
 

 “Q. ... [A]re these problems causing or impacting on the efficiency of the back insofar as they [a]ffect the functional ability of the back?
 

 [[Image here]]
 

 “A. I guess in that setting it is [a]f-fecting the efficiency of the back because [Christesen is] having the chronic pain with it. If you have mechanical malalignment, you’re definitely going to [a]ffect the efficiency of the back.
 

 [[Image here]]
 

 “Q. ... [I]t would be your opinion ... that the back complaints that [Christesen] is having are caused by the right ankle problems and the left quad[riceps] problems that she’s having; is that right?
 

 [[Image here]]
 

 “A. Yes, I think it’s related.”
 

 Christesen testified that the effects of the injuries to her right ankle and left knee cause pain in her back. She further testified that her back pain affects the efficiency of her back by limiting her mobility and her range of motion. Dr. Crot-well opined that the malalignment, imbalance, and mechanical shifting caused by Christesen’s ankle and knee injuries have cause her chronic back pain. Dr. Crotwell testified that the injuries to Christesen’s ankle and knee “definitely” affect the efficiency of her back. That evidence constitutes substantial evidence indicating that the effects of Christesen’s ankle and knee injuries extend to her back and interfere with its efficiency. Pursuant to
 
 Ex parte Drummond Co., “
 
 ‘if the effects of the loss of the member extend to other parts of the body and interfere with their efficiency, the schedule allowance for the lost member is not exclusive.’ ” 837 So.2d at 834 (quoting 4 Lex K. Larson,
 
 Larson’s Workers’ Compensation Law
 
 § 87.02 (2001)). Accordingly, the trial court did not err in awarding Christesen benefits for an injury to the body as a whole rather than for
 
 *253
 
 injuries to scheduled members under § 25-5-57(a)(3).
 
 See also Pipeline Technic, L.L.C. v. Mason,
 
 6 So.3d 1176 (Ala.Civ.App.2008) (affirming a trial court’s judgment awarding nonscheduled benefits when the effects of the employee’s foot injury extended to his back and affected the efficiency of his back);
 
 Norandal U.S.A, Inc. v. Graben,
 
 [Ms. 2061070, October 17, 2008] (Ala.Civ.App.2008) (affirming-a trial court’s judgment awarding nonscheduled benefits when the effects of the employee’s knee injury extended to his hip and lower back and affected their efficiency).
 
 *
 

 As noted, in addition to awarding Chris-tesen benefits outside the schedule based on the application of the test stated in
 
 Ex parte Drummond Co.,
 
 the trial court also awarded Christesen benefits outside the schedule based on its finding that she suffers from debilitating pain.
 
 See Ex parte Drummond Co.,
 
 837 So.2d at 836 n. 11 (indicating that debilitating pain isolated to a scheduled member may, in some circumstances, be a basis for compensating an injury outside of the schedule);
 
 Masterbrand Cabinets, Inc. v. Johnson,
 
 984 So.2d 1136 (Ala.Civ.App.2005) (plurality opinion) (affirming a trial court’s judgment awarding benefits outside the schedule on the ground that the employee suffered constant and severe pain that, although isolated to scheduled members, had a debilitating effect on the employee’s body as a whole); and
 
 Shoney’s, Inc. v. Rigsby,
 
 971 So.2d 722 (Ala.Civ.App.2007) (distinguishing the facts of that case from those of
 
 Johnson
 
 while applying the
 
 Johnson
 
 analysis). CDCA argues that the trial court erred in awarding Christesen nonscheduled benefits based on its finding that Christesen suffers from debilitating pain. However, we pretermit discussion of this issue based on our conclusion that the trial court did not err in awarding benefits outside the schedule under the test stated in
 
 Ex parte Drummond Co.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ„ concur.
 

 *
 

 Note from the reporter of decisions: On February 20, 2009, on application for rehearing, the Alabama Court of Civil Appeals withdrew the October 17, 2008, opinion in
 
 Norandal U.S.A., Inc.,
 
 and substituted another one. The October 17, 2008, opinion affirmed the judgment of the trial court; the substituted opinion reverses that judgment and remands the case.