27 So.3d 534 (2008)
SOLOMON MOTOR COMPANY
v.
Earnest DEAN.
2060957.
Court of Civil Appeals of Alabama.
December 19, 2008.
Rehearing Denied June 5, 2009.
Certiorari Denied August 21, 2009 Alabama Supreme Court 1081204.
*535 R. Austin Huffaker, Jr., of Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, for appellant.
Jere C. Segrest and Kevin Walding of Hardwick, Hause, Segrest & Walding, Dothan, for appellee.
PITTMAN, Judge.
Solomon Motor Company ("the employer") appeals from a judgment of the Houston Circuit Court in favor of Earnest Dean ("the employee") on his claim against the employer under the Alabama Workers' Compensation Act, Ala.Code 1975, § 25-5-1 et seq. ("the Act"). In its judgment, the trial court determined, in pertinent part, that the employee was permanently and totally disabled as a result of a work-related injury to his right knee and awarded benefits under the Act commensurate with a permanent and total disability. Because the facts of this case would support only an award of permanent-partial-disability benefits based upon the schedule of injuries in the Act, see generally Ala.Code 1975, § 25-5-57(a)(3)a., we reverse and remand.
In June 2005, the employee sued the employer, asserting that on or about July 16, 2003, while performing work for the employer as a master mechanic and transmission specialist, he had "suffered an injury to his right knee and leg when he accidentally fell on, over, or upon an airhose"; he averred that he had been permanently *536 and totally disabled as a result of his injury or, in the alternative, that he had been permanently partially disabled, and he requested an award of benefits under the Act. The employer answered the complaint and admitted that the employee had suffered a workplace injury and that the Act applied, but the employer denied the employee's allegations as to the extent of his injury and affirmatively averred, among other things, that the employee's right to compensation was limited by the scheduled-injury provisions of the Act. The employer admitted during the discovery process to having been properly notified of the employee's injury, and the parties entered into express stipulations concerning the employee's average weekly wage, his compensation rate, and the extent of the employer's previous payments of temporary-total-disability benefits.
After an ore tenus proceeding, during which the trial court received a number of evidentiary exhibits and heard testimony from the employee, his wife, and two vocational expert witnesses, the trial court entered an interim order on March 5, 2007, opining that the employee was permanently and totally disabled but setting a subsequent hearing to determine whether the employee's compensation should be limited to the schedule. After holding that hearing, the trial court entered a final judgment again determining the employee to be permanently and totally disabled and awarding nonscheduled compensation under the Act for a permanent and total disability. Following the trial court's denial of the employer's postjudgment motion to alter, amend, or vacate, the employer appealed.
The employer asserts that the trial court erred in awarding benefits under the Act for a permanent and total disability because, the employer says, the employee's injury should have been treated as a "scheduled-member" injury under the provisions of the Act pertaining to permanent partial disabilities. See Ala.Code 1975, § 25-5-57(a)(3). In considering that issue, we are guided by the pertinent standard of appellate review established by our legislature in Ala.Code 1975, § 25-5-81(e)(1) and (2): although our review of "the standard of proof . . . and other legal issues . . . shall be without a presumption of correctness," appellate review of "pure findings of fact" is subject to the caveat that reversal of a judgment based upon "pure findings of fact" by a trial court should not occur if those findings are "supported by substantial evidence." See also Gold Kist, Inc. v. Porter, [Ms. 2060662, October 31, 2008] ___ So.3d ___, ___ (Ala.Civ.App.2008).
In this court's opinion in Norandal U.S.A., Inc. v. Graben, [Ms. 2061070, October 17, 2008],[*] Judge Moore noted five salient points that are equally pertinent to this appeal: (1) that "[f]or purposes of workers' compensation, a knee injury is treated as an injury to the leg" (18 So.3d at 409); (2) that such injuries "are ordinarily compensated under § 25-5-57(a)(3), Ala.Code 1975" (18 So.3d at 409); (3) that under the schedule set forth in that Code section, see Ala.Code 1975, §§ 25-5-57(a)(3)a.16. & 25-5-57(a)(3)d., an injured employee is entitled to a proportionate award for a partial loss of use of a leg based upon a benchmark of "200 weeks of compensation for the total loss of use of a *537 leg," which award "is intended by statute to be `in lieu of all other compensation'" (18 So.3d at 410) (quoting § 25-5-57(a)(3)d.); (4) that notwithstanding those principles, caselaw provides that an injury to the knee may be compensated outside the schedule if the effects of the loss of the member extend to other parts of the employee's body and interfere with their efficiency (18 So.3d at 410); and (5) that proof that the loss of a member "interferes with the efficiency" of other parts of one's body under that exception requires that an employee demonstrate "that the normal effective functioning of another part of his or her body has been hindered or impeded due to the loss of the member" (18 So.3d at 410).
As directed by § 25-5-81(e), we must now review the record to ascertain whether the trial court's determination that the employee was entitled to compensation outside the schedule of injuries set forth in Ala.Code 1975, § 25-5-57(a)(3), is supported by substantial evidence. The employee, who was 63 years old at the time of trial, testified that he had suffered from arthritis and had hurt his back on two occasions before his workplace injury, but he had been able to return to full duty performing work on automobile transmissions and brakes; in addition, the employee's medical records indicate that as early as 1991 he had been diagnosed with "bilateral degenerative joint disease of the medial aspect of" his knees that was causing "gradually worsening" pain. On the date of his accident, the employee recounted, he had been working on the brakes of a particular automobile when he stepped on a stray air hose, tripped, and fell to the floor; although the employee fell on his left knee, his right leg apparently extended abnormally during the fall because, the employee testified, he "felt something pop in [his] right knee" and then he felt a sensation of pain "just like somebody had stuck a knife in [his] knee."
After a primary-care clinic had declined to provide care for the employee's right knee beyond taking X-ray images, the employee was referred to a group of specialist physicians that included Dr. Keith Granger. The employee was diagnosed as having degenerative joint disease with a tear of the medial meniscus, i.e., knee cartilage, that caused pain aggravated by activity, and the employee subsequently underwent arthroscopic surgery to clean the affected knee joint. However, according to the transcript of Dr. Granger's deposition testimony, which was admitted into evidence at trial, the employee continued to suffer from pain in his right knee after the surgery that was, according to Dr. Granger, "primarily from the degenerative joint disease."
In addition to his right-knee symptoms, the employee testified at trial that he had "develop[ed] problems with [his] left knee and with [his] back" after sustaining the injury to his right knee, and the employee testified to having had complete replacements of both of his knee joints and having undergone "two shots" to alleviate back pain in addition to taking prescription pain medication for a period of over a year afterwards. However, the employee admitted at trial that he was taking the same over-the-counter analgesic medication as he was taking before his injury. Moreover, at his deposition, Dr. Granger testified that the employee's "job injury resulted only [in] the medial meniscus tear only of the right knee," and he opined that the employee's left-knee pain stemmed from the same degenerative condition that had existed in 1991 and "absolutely had nothing to do with the on-the-job injury that I know of." With specific regard to the employee's subsequent back-pain complaints, Dr. Granger testified that he "[did] *538 not think that the on-the-job injury . . . [was] related to this back problem." Although Dr. Granger did acknowledge that an altered gait from knee conditions "can sometimes exacerbate or aggravate pre-existing problems such as spinal stenosis," he added that he "ha[d]n't seen" any such exacerbation or aggravation in the employee's case and that "probably" none existed.
The pertinent question, as Norandal indicates, is whether the employee adduced substantial evidence establishing that the effects of his right-knee injury, which undisputedly resulted in some quantum of loss of use of a scheduled member (his right leg), extend to other parts of the employee's body and interfere with their efficiency, i.e., whether the employee has shown "that the normal effective functioning of another part of his . . . body has been hindered or impeded" as a result of that injury. Norandal, 18 So.3d at 410 The employee contends that the evidence of record indicating that his right-knee injury had effects in his left knee and in his back satisfies that burden.
The employee's position is not well taken. First, assuming, without deciding, that the employee's left-knee replacement can properly be causally traced to the workplace injury rather than solely to a degenerative process, it is well settled that when, as here, the schedule sets forth compensation amounts both for a loss of one particular member (such as a single arm or leg) and for a loss of multiple members of the same class (such as both arms or legs), effects upon another member of the same class as the injured member do not avoid the schedule. See Stone & Webster Constr., Inc. v. Lanier, 914 So.2d 869, 876-77 (Ala.Civ.App.2005) (knee injury affecting other knee); General Elec. Co. v. Baggett, 1 So.3d 1015, 1017 (Ala.Civ.App.2007) (same); Alabama Workmen's Comp. Self-Insurers Guar. Ass'n v. Wilson, 993 So.2d 451, 455 (Ala.Civ.App.2006) (arm injury affecting other arm). Thus, any left-knee effects resulting from the employee's right-knee injury are not of legal significance.
In contrast, this court has held that when a work-related leg injury causes adverse effects, such as might occur by means of alteration of one's gait, upon a portion of the body that is not enumerated in the schedule, such as the back, an injured employee's compensation is not limited to that set forth in the schedule. For example, in Norandal, we affirmed a judgment awarding permanent and total disability benefits under the Act based upon evidence establishing that a worker who had suffered a right-knee injury routinely experienced chronic pain extending into his low back and hip that worsened with prolonged walking and required that worker to rest in various postures after prolonged walking or standing. In accord is Boise Cascade Corp. v. Jackson, 997 So.2d 1042, 1047 (Ala.Civ.App.2008), in which medical evidence was adduced that a worker's back pain was caused by his antalgic gait, which was itself a product of his workplace injury, and Pipeline Technic, L.L.C. v. Mason, 6 So.3d 1176, 1180 (Ala. Civ.App.2008), in which a similar judgment was affirmed in light of evidence indicating that a worker's foot injury "cause[d] him to alter his gait" so as to, in turn, "cause[] him daily back pain and swelling." On the other hand, in Chadwick Timber Co. v. Philon, 10 So.3d 1014, 1021 (Ala.Civ.App. 2007), we held that a permanent-total-disability award was improper when the worker alone had testified that his leg injury had caused him to suffer back pain; the worker's treating physician, in contrast, had testified that it was unlikely that that back pain had resulted from a change in the worker's gait.
*539 In this case, the employee's testimony indicates that although he currently takes nothing more than over-the-counter analgesic medicines, he did experience "back problems" after his right-knee injury that were of a sufficient magnitude to warrant two injections of pain medication and ingestion of prescription analgesics. However, the employee did not testify that his back pain had persisted after that course of medication; moreover, as we have noted, Dr. Granger expressly opined that the employee's back pain was not caused by his right-knee injury. Under Alabama law, "[i]n order to take [a] case outside the schedule, the effects of the injury must extend to the other parts of the body on a permanent basis"; "[i]f the scheduled injury only temporarily affects another part of the body, but permanently affects solely the scheduled member, the schedule is and should be the exclusive remedy for the permanent disability." 1 Terry A. Moore, Alabama Workers' Compensation § 14:12 (Supp.2008) (citing, among other cases, E.C. Corp. v. Kent, 618 So.2d 1357, 1358-59 (Ala.Civ.App.1992) (holding that worker was limited to scheduled compensation for knee injury even though complications from certain initially prescribed medications had temporarily caused side effects in the worker's ears)); see also Honda Mfg. of Alabama, LLC v. Alford, 6 So.3d 22, 28 (Ala.Civ.App.2007) (reversing permanent-total-disability award in light of evidence that worker's post-knee-injury back pain was merely episodic; knee injury was not shown to be causally connected to that back pain). Thus, in the language of Norandal, the record supports the proposition that "the normal effective functioning" of the employee's back "has been hindered or impeded" only by a degenerative process, not by the right-knee injury.
Based upon the foregoing facts and authorities, we conclude that the trial court erred in awarding benefits to the employee outside of the schedule in the Act. We reverse that court's judgment and remand the cause for the entry of a judgment or for further proceedings consistent with this opinion.
In reversing on the substantive merits of the sole issue raised by the employer, we necessarily reject the proposition, advanced by the special writing in this case, that we should remand solely to direct the trial court to more explicitly state its rationale for making a permanent-total-disability award. First, the employer has not raised any noncompliance with Ala. Code 1975, § 25-5-88, as an issue, and it is a fundamental maxim of appellate procedure that "[a]n appellate court will consider only those issues properly delineated as such and will not search out errors which have not been properly preserved or assigned." Ex parte Riley, 464 So.2d 92, 94 (Ala.1985). Second, a mere pro forma reversal when the record does not contain substantial evidence to support a permanent-total-disability award arguably would not "assure the just, speedy, and inexpensive determination of [this] appellate proceeding on its merits" (see Rule 1, Ala. R.App. P.). Finally, it is doubtful that § 25-5-88 has been violated so as to mandate reversal; as we noted in Werner Co. v. Williams, 871 So.2d 845 (Ala.Civ.App. 2003), § 25-5-88 does not require "comment on every item of evidence, each word of testimony, and every line of every deposition offered in evidence"; "[t]o the extent some of the findings of the trial court may be meager or omissive, . . . . we [are] merely [to] conduct the same review as we would of more specific factual findings to determine whether," as we have done in this case, "the ultimate finding made by the trial court is supported by substantial evidence." 871 So.2d at 852-53.
REVERSED AND REMANDED.
*540 THOMAS, J., concurs.
BRYAN, J., concurs in the result, without writing.
THOMPSON, P.J., concurs in the judgment of reversal but dissents as to the instructions on remand, with writing, which MOORE, J., joins.
THOMPSON, Presiding Judge, concurring in the judgment of reversal but dissenting as to the instructions on remand.
I agree that the judgment should be reversed and the case remanded; however, I respectfully dissent from the instructions the main opinion gives on remand. Section 25-5-88, Ala.Code 1975, requires that a workers' compensation judgment contain "a statement of the law applicable to the case, the facts as they relate to the law, and the resulting conclusions." Dees v. Daleville Florist, 408 So.2d 155, 156 (Ala. Civ.App.1981). Substantial compliance with § 25-5-88 will suffice. Id.; see also Roberts v. Veazey, 637 So.2d 1350, 1351 (Ala.Civ.App.1994). Even so, the trial court must reach a determination of each issue presented to it. Golden Poultry Co. v. Roper, 660 So.2d 1311, 1313 (Ala.Civ. App.1995).
In this case, the trial court heard arguments and received evidence on the issue whether Earnest Dean's injury was a scheduled injury under § 25-5-57(a)(3), Ala.Code 1975, or whether that injury affected other parts of his body so as to remove compensation from the confines of that schedule; that issue was the ultimate issue in this action. In its March 5, 2007, order, the trial court made a finding that Dean was permanently and totally disabled, and it adopted and ratified that finding in its April 24, 2007, judgment. However, the trial court failed to make any findings of fact or legal conclusions in either its March 5, 2007, order or the April 24, 2007, judgment in support of its decision that Dean's injury should be compensated outside the schedule in § 25-5-57(a)(3).
Pursuant to § 25-5-88, a trial court in a workers' compensation action "`is required to make findings of fact and conclusions of law, and these findings should encompass each and every issue presented to and litigated in the trial court; where this is not done, the judgment should be reversed.'" Ex parte Valdez, 636 So.2d 401, 404 (Ala.1994) (quoting Thompson & Co. Contractors v. Cole, 391 So.2d 1042, 1045 (Ala.Civ.App.1980)). Given the failure of the trial court to make a determination as to the ultimate issue in Dean's workers' compensation action, I would reverse the judgment and remand the cause to the trial court for the entry of a judgment in compliance with § 25-5-88, Ala.Code 1975.
MOORE, J., concurs.
NOTES
[*] Note from the reporter of decisions: On February 20, 2009, on application for rehearing, the Alabama Court of Civil Appeals withdrew the October 17, 2008, opinion in Norandal U.S.A., Inc., and substituted another one. The October 17, 2008, opinion affirmed the judgment of the trial court; the substituted opinion reverses that judgment and remands the case. Norandal U.S.A., Inc. v. Graben, 18 So.3d 405 (Ala.Civ.App.2009). The quoted language appears in the substituted opinion.